SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
A Professional Corporation
     Debra R. Puebla, #126934
     dpuebla@spcclaw.com
     Ray Tamaddon, #144494
     rtamaddon@spcclaw.com
515 South Figueroa Street, Suite 1470
Los Angeles, California 90071-3331
Tel: (213) 996-4200, Fax: (213) 892-8322

Attorneys for HARCO NATIONAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| HARCO NATIONAL INSURANCE COMPANY, an Illinois Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>RAUL CRISTOBAL, An Individual; LISA ESPINOZA, An Individual; VALERY BARRERA, An Individual; GUARDIAN AD LITEM OF AMIRI BARRERA, An Individual; VICTOR M. CLEMENT GONZALEZ DBA SUNRISE CRANE & TRUCKING SERVICE, An Individual; JOSE ANGEL CUELLAR-ALVAREZ, An Individual; J.B. HUNT TRANSPORT, INC., A Georgia and Arkansas Corporation, And DOES 1 Through 50, Inclusive,<br><br>    Defendants. | Case No.  5:25-cv-03278<br><br>**COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT** |

Plaintiff Harco National Insurance Company ("Harco"), for its Complaint for Interpleader and Declaratory Judgment ("Complaint"), hereby alleges as follows:

## I.    INTRODUCTION

1.    Harco brings this action to interplead its remaining policy limits under 28 U.S.C. § 1335 and Federal Rules of Civil Procedure ("FRCP") 22 and to obtain a judicial determination and declaration under 28 U.S.C. §§ 2201 and 2202 and FRCP 57 with respect to the rights and obligations of the parties under an insurance policy relating to a motor vehicle accident that occurred on or about October 27, 2025 on Interstate 10, near mile marker 524, in Kendall County, Texas ("Accident").

2.    An actual, ripe, and justiciable controversy has arisen among the parties in regard to their respective rights and obligations in connection with the Accident and claims arising therefrom under commercial automobile liability policy number TP-4333038-00, issued by Harco to defendant Victor M. Clemente Gonzalez dba Sunrise Crane and Trucking Service ("Gonzalez") in Thermal, Riverside County, California, effective March 15, 2025 to March 15, 2026, ("Policy").

3.    Harco hereby offers its remaining policy limits to the claimants who make a claim to the remaining policy limit as a result of the Accident. Harco has invited the parties to participate in a global mediation to resolve the claims. However, to date, the claimants have failed to achieve a global resolution of their claims or otherwise agree to an allocation of Harco's policy limit. Instead, each claims he, she or it is the party most deserving of the policy limit.

4.    In this action, Harco interpleads its remaining policy limit issued in the State of California to its California insured, and seeks a declaration by this Court that, after interpleading its remaining policy limit, it has no further obligation to the defendants herein in connection with the Accident.

## II.    PARTIES

5.    Harco is a corporation incorporated under the laws of the State of Illinois and maintains its principal place of business in Raleigh, North Carolina. Harco legally

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

1

transacts insurance business in the State of California and within the geographical jurisdiction of this Court.

6.    Upon information and belief, defendant Raul Cristobal ("Cristobal") is a resident and citizen of Bexar County, Texas, and claims Policy benefits.

7.    Upon information and belief, defendant Lisa Espinoza ("Espinoza") is a resident and citizen of Bexar County, Texas, and claims Policy benefits.

8.    Upon information and belief, defendant Valery Barrera ("Barrera") is a resident and citizen of Bexar County, Texas, and claims Policy benefits.

9.    Upon information and belief, defendant Guardian Ad Litem of Amiri Barrera is a resident and citizen of Bexar County, Texas, and claims Policy benefits.

10.    Upon information and belief, Gonzalez is a resident and citizen of Thermal, County of Riverside, California. At all times relevant to the subject matter of this action, Gonzalez was an insured under a Harco commercial automobile liability policy in effect at the time of the Accident and claims benefits under the Policy.

11.    Upon information and belief, defendant Jose Angel Cuellar-Alvarez ("Alvarez") is a resident and citizen of Yuma County, Arizona. Upon information and belief, at all times relevant to the subject matter of this action, Alvarez was the driver of the tractor trailer involved in the Accident with permission to drive same and, as such, qualified as an insured under the Policy and claims benefits under the Policy.

12.    Upon information and belief, defendant J.B. Hunt Transport, Inc. ("J.B. Hunt Transport") is a corporation deemed a citizen of Georgia and Arkansas, and claims benefits under the Policy.

13.    Harco sues defendants Does 1 through 50, inclusive, under fictitious names. Their true names and capacities are unknown to Harco. When their true names and capacities are ascertained, Harco will amend this complaint by inserting their true names and capacities herein. Harco is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences and/or disputes herein alleged, and that Harco's requested relief herein

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

relates to such defendants. Harco is informed and believes and based thereon alleges that each of the Does 1-50, inclusive, are parties who claim or may claim an interest in the insurance Policy proceeds or other Policy benefits.

14.     Harco is informed and believes, and based thereon alleges, that at all times mentioned herein, all defendants and each of them were the agents, servants, employees, joint venturers, contractors, partners, subsidiaries or parent of the remaining defendants and each of them, and as such, were acting within the scope, course and authority of such agency, employment, joint venture and/or partnership, and with the permission, consent, authorization and ratification of the remaining defendants and each of them.

15.     All defendants named herein, including Does 1 through 50, inclusive, will hereinafter collectively be referred to as "Defendants."

## III.     SUBJECT MATTER JURISDICTION

16.     This is an action for interpleader under Federal Interpleader Act, 28 USC § 1335 and FRCP 22, as well as an action for declaratory relief under Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and FRCP 57, seeking the adjudication of an actual, ripe and justiciable controversy that has arisen between the parties, as described more fully below. Interpleader in federal court may be used by a liability insurer where several injured parties seek payment for injuries inflicted by its insured, and their aggregate claims exceed the policy limits. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532-533 (1967). Interpleader is available even if the insurer has already settled some of the claims and is seeking only to avoid multiple liability on the remaining claims. *Aetna Cas. & Sur. Co. v. Ahrens*, 414 F.Supp. 1235 (S.D. Tex. 1975). Moreover, the court's jurisdiction under the interpleader statute extends to potential, as well as actual, claims. The purpose of interpleader is to protect the stakeholder against the possibility of multiple liability on the same debt, even where only one claim is pending. *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F3d 887, 895 (9th Cir. 2012).

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

17. Minimal diversity exists for purposes of the Federal Interpleader Act, 28 U.S.C. §1335 as plaintiff Harco is a citizen of Illinois and North Carolina, and upon information and belief, defendant Gonzalez is a citizen of California, defendant Alvarez is a citizen of Arizona, defendant J.B. Hunt Transport is a citizen of Georgia and Arkansas and the remaining defendants are citizens of Texas. Moreover, the amount Harco seeks to interplead is "money or property of the value of $500 or more …" 28 USC § 1335.

18. In addition, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between Harco, on the one hand, and each of the Defendants, on the other hand, as Harco is a citizen of Illinois and North Carolina while the Defendants are citizens of California, Arizona, Georgia, Arkansas and Texas. The amount in controversy exceeds $75,000, exclusive of interest and costs as Defendants allege that they are entitled to benefits under the insurance policy that exceed this limit.

## IV. **PERSONAL JURISDICTION**

19. Service of process in statutory interpleader extends nationwide: "In any civil action of interpleader … under section 1335 … a district court may issue its process for all claimants … [to be] served by the United States marshals for the respective districts where the claimants reside or may be found." 28 USC § 2361. Thus, section 1335 effectively confers nationwide personal jurisdiction on the federal court as to the claims involved; i.e., the court is empowered to adjudicate the rights of adverse claimants anywhere in the U.S. in the property interpleaded. *Indianapolis Colts v. Mayor & City Council of Baltimore*, 733 F.2d 484, 488 (7th Cir. 1984) (nationwide service feature of federal interpleader statute "forces defendants to defend in jurisdictions where they could not otherwise be sued"); *Medical Mut. of Ohio v. deSoto*, 245 F.3d 561, 567-568 (6th Cir. 2001) (national service of process provision meant district court's exercise of jurisdiction was nationwide.) Accordingly, this Court's jurisdiction extends to all the Defendants.

COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

## V.   VENUE

20.    Venue is proper under 28 USC § 1391(b)(3) because Gonzalez resides in the City of Thermal, County of Riverside, California in which this judicial district is located. Venue is also proper under 28 USC § 1391(b)(2) because the Policy was issued to Gonzalez in the Riverside County, California in which this judicial district is located. Venue is also proper under 28 USC § 1397 because Gonzalez resides in Riverside County, California in which this judicial district is located.

## VI.   THE HARCO POLICY

21.    Harco issued the Policy to Gonzalez, in Thermal, Riverside County, California. Before its erosion through payment of a claim arising out of the Accident, the Policy provided commercial automobile liability limits of $1 million combined single limit.

22.    The Policy contains, in part, the following provisions:

### MOTOR CARRIER COVERAGE FORM

### SECTION I – COVERED AUTOS

### A.   Description Of Covered Auto Designation Symbols

*       *       *

Symbol 67 – Specifically Described "Autos"

Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

*       *       *

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

### A.   COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies,

5

caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We will have the right and duty to defend any "insured" against a "suit" asking for such damages …   However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage". . . to which this insurance does not apply…

\* \* \*

**SECTION VI – DEFINITIONS**

B.     "Auto" means:

1.     A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2.     Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

\* \* \*

C.     "Bodily injury" means bodily injury, sickness or disease sustained by a person  including death resulting from any of these.

\* \* \*

23.     The Policy's Schedule of Covered Vehicles And Premiums includes the 2019 Freightliner tractor, VIN 3AKJHHDR9KSKB4130, involved in the Accident.

## VII.   FACTUAL BACKGROUND

### A.   The Accident

24.     Upon information and belief, on or about October 27, 2025, defendant Barrera was driving a pickup truck occupied with passengers Giselle Cristobal and minors Angel Molina, Raul Cristobal, Jr. and Amiri Barrera on Interstate 10. Upon information and belief, at some point, the pickup truck driven by Barrera came to a

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

complete stop on the right hand lane of Interstate 10. Upon information and belief,, while the pickup truck was at a standstill on Interstate 10, it was struck by a tractor trailer owned by defendant Gonzalez and driven by defendant Alvarez, traveling in the same direction on Interstate 10.

25.    Upon information and belief, as a result of the Accident, Giselle Cristobal and minors Angel Molina and Raul Cristobal, Jr. passed away. Upon information and belief, as a result of the Accident, Barrera and minor Amiri Barrera sustained injuries and damages.

**B.    Claims Made Against the Policy**

26.    As a result of the Accident, the following claims have been made against the Policy:

(1) By Emanuel Molina on behalf of his biological minor son, Angel Molina, for $1 million pursuant to *G. A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved). Emanuel Molina's claim was first made to Harco on November 4, 2025, and was the earliest demand. Emanuel Molina also filed a lawsuit in Bexar County, Texas, captioned *Emanuel Molina v. Sunrise Crane & Trucking, et al.* (Bexar County Cause No. 2025CI26435) to assert his claims arising from the Accident;

(2) By defendant Cristobal on behalf of his wife, Giselle Cristobal, and minor sons Raul Cristobal, Jr. and Angel Molina (claimed to be Angel Cristobal) for $300,000,000. Cristobal's demand was first made to Harco on November 14, 2025. Cristobal also filed a lawsuit in Bexar County, Texas, captioned *Raul Cristobal v. Jose Cuellar Alvarez, et al. (Bexar County Cause No. 2025CI26710)* to assert his claims arising from the Accident;

(3) By defendant Espinoza on behalf of her daughter Giselle Alexis Espinoza Cristobal for $1 million. Espinoza's demand was first made on December 4, 2025. Espinoza also filed a lawsuit in Bexar County, Texas, captioned *Lisa Espinosa v. Sunrise Crane and Trucking, Jose Alvarez and Valery Barrera (Bexar County Cause*

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

*No. 2025CI26435)* to assert her claims arising from the Accident;

(4) By defendant J.B. Hunt Transport as an indemnitee of Gonzalez. J.B. Hunt Transport first made its claim for defense and indemnity to Harco's defense counsel on December 4, 2025;

(5) Upon information and belief, by defendant Gonzalez for defense and indemnity of all claims; and

(6) Upon information and belief, by defendant Alvarez for defense and indemnity of all claims.

27.   Harco immediately agreed to defend Gonzalez and Alvarez under the Policy and appointed defense counsel.

28.   Harco immediately conducted an investigation and evaluation of the Accident and claims and made its full policy limit available for distribution to the claimants.

29.   During the pendency of the claims and lawsuits, Harco and defense counsel encouraged the known claimants to participate in a global resolution and to equitably distribute the policy limit among themselves and release the insureds. However, the claimants were unable to reach an agreement among themselves.

30.   Although Emanuel Molina had made the earliest demand for the policy limit of $1 million pursuant to the "first-come first-served" *Stowers* doctrine in Texas, defense counsel appointed by Harco was able to negotiate the demand down to $450,000.00, thus leaving $550,000.00 in remaining policy limit ("Remaining Policy Limit").

## FIRST CAUSE OF ACTION

**(For Interpleader of Remaining Policy Limit -- Against Cristobal, Espinoza, Barrera, the Guardian Ad Litem for Amiri Barrera, J.B. Hunt Transport And Does 1 Through 30 )**

31.   Harco incorporates by reference and realleges the allegations set forth in paragraphs 1 through 30 of this Complaint as though fully restated herein.

COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

32. Harco has received adverse and conflicting claims to the Remaining Policy Limit from the defendants named in this cause of action in connection with the Accident. The total amount sought by these defendants exceeds the Remaining Policy Limit. As a result of these conflicting claims to the Remaining Policy Limits, Harco is unable to discharge its liability under the Policy in connection with the Accident without potentially exposing itself and/or its insureds to multiple liability or litigation or both.

33. Harco claims no beneficial interest in the Remaining Policy Limit other than for the purpose of discharging its duties under the Policy. Harco is a mere stakeholder of these proceeds.

34. Harco is ready, willing and able to deposit in the Court's registry a check in the amount of the Remaining Policy Limit, i.e., $550,000.00, upon issuance of an order granting Harco leave to deposit the proceeds and discharging Harco's obligations under the Policy.

35. Harco should not be compelled to become involved in the actual or potential disputes and contentions of defendants named in this cause of action with respect to the Remaining Policy Limit, and these defendants should be ordered to litigate and otherwise settle among themselves without further involving Harco.

36. Harco has and will incur attorneys' fees and costs in bringing this interpleader action to resolve the dispute among the conflicting claimants as set forth above, and therefore seeks such fees and costs from the defendants named in this cause of action.

## SECOND CAUSE OF ACTION

**(For A Declaration Of Harco's Duties And Obligations Under The Policy –**

**Against Gonzalez, Alavarez And Does 31 Through 40)**

37. Harco incorporates by reference and realleges the allegations set forth in paragraphs 1 through 36 of this Complaint as though fully restated herein.

38. An actual controversy has arisen and now exists between Harco, on the

9

COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT

one hand, and the defendants named in this cause of action, on the other hand, in that Harco contends that the Remaining Policy Limits exhaust the Policy resulting in the termination of Harco's duties and obligations under the Policy in connection with the Accident and/or the claims resulting therefrom. On information and belief, the defendants named in this cause of action contend otherwise. There is no adequate remedy at law. Harco seeks, and is entitled to obtain, an order pursuant to 28 U.S.C. § 2201 and FRCP 57 that its payment of the Remaining Policy Limit discharges and extinguishes Harco's duties and obligations under the Policy in connection with the Accident and/or the claims resulting therefrom.

## **PRAYER FOR RELIEF**

WHEREFORE, Harco prays the Court for judgment against Defendants as follows:

a.  That Cristobal, Espinoza, Barrera, the Guardian Ad Litem for Amiri Barrera, J.B. Hunt Transport and Does 1 through 30 be required to interplead and settle among themselves their respective rights under the Policy with respect to the Accident and/or the claims resulting therefrom, and that Harco be discharged from all liability to these defendants;

b.  An order directing Harco to deposit into the Court the Remaining Policy Limit of $550,000.00, less reasonable attorneys' fees and costs, in exchange for discharging and terminating Harco's duties under the Policy;

c.  For a declaration that payment of the Remaining Policy Limit discharges and extinguishes Harco's duties and obligations to all Defendants under the Policy in connection with the Accident and/or the claims arising therefrom;

f.  For award of attorney's fees and costs to Harco against Cristobal, Espinoza, Barrera, the Guardian Ad Litem for Amiri Barrera, J.B. Hunt

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

Transport and Does 1 through 30, reflecting the equitable nature of interpleader actions in which courts have inherent equitable discretion to award attorney fees and costs to a disinterested stakeholder; and

g.    For costs of suit herein and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  December 5, 2025    SINNOTT, PUEBLA,
CAMPAGNE & CURET, APLC

By:  /s/ *Debra R. Puebla*
      DEBRA R. PUEBLA
      RAY TAMADDON
      Attorneys for HARCO NATIONAL
      INSURANCE COMPANY

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
515 SOUTH FIGUEROA STREET, SUITE 1470
LOS ANGELES, CALIFORNIA 90071-3331
TEL (213) 996-4200 • FAX (213) 892-8322

11

COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT